IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **THOMAS HARVEY**<br><br>        **Plaintiff,**<br><br>v.<br><br>**APPLE INC.**<br><br>        **Defendant.** | Civil Action No. 2:07-CV-327-TJW-CE |

**APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(A)**

The sole basis raised in Harvey's two-page opposition to Apple's motion to transfer this matter to the Northern District of California is that Apple's request is not timely.[1]  Harvey does not and cannot dispute any of the facts set forth in Apple's moving papers that are operative in the transfer analysis.  Harvey does not dispute, for example, that the Northern District of California is:

*     where Apple's headquarters and principal pace of business are located;

*     where the vast majority, if not all, of Apple's potentially relevant documents and witnesses are located;

*     where technical, marketing, and financial documents relating to the accused products are located;

*     a district that has subpoena power over numerous third-party witnesses;

*     the place where the accused products were designed and developed; and

*     a district that has a obvious connection and substantial local interest in deciding this case.

---

[1]  Harvey's Response was untimely.  Specifically, he filed it 10 days after the deadline, despite not seeking leave to extend the deadline to accommodate this late filing.

Further, Harvey has not and cannot submit a single affidavit or declaration from Harvey, or any witness associated with Harvey alleging that Harvey has any connection with the Eastern District of Texas, or that Harvey would be inconvenienced by a transfer of this case to the Northern District of California.  Harvey also provides no connection between the Eastern District of Texas and the dispute underlying this action, aside from the fact that the accused Apple products are available for purchase here.  Indeed, Harvey does not even dispute the fact that this case should have been brought in the Northern District of California in the first instance.  At bottom, it is undisputed that there are no witnesses, documents, or other evidence pertaining to this dispute located in the Eastern District of Texas.  Other than one or two witnesses associated with Harvey being located in Michigan, virtually all other witnesses and evidence are located in the Northern District of California.

Against the incredible weight of the facts mandating transfer,[2] Harvey rests his opposition on the assertion that Apple untimely raised this motion after this case has been pending for two years, and that transfer of this case would only further delay its resolution, particularly when Markman is already approaching.  This argument is not credible for several

---

[2]  This past week, Judge Folsom issued orders in seven different cases addressing venue transfer – he granted transfer in two cases and denied transfer in five cases.  These orders make clear that when a vast majority of the documents, evidence, and witnesses are all concentrated in one district and when there are no such documents, evidence, and witnesses located in the Eastern District, then transfer of the case is appropriate. *Compare Transauction LLC v. Bidz.com, Inc.*, 2-08-cv-00232 (E.D. Tex. Aug. 3, 2009) (transfer granted); *Nuance Commc'ns., Inc. v. Vlingo Corp.*, 5-08-cv-00102 (E.D. Tex. Aug. 3, 2009) (transfer granted) with *Novartis Vaccines & Diagnostics, Inc. v. Hoffmann-La Roche Inc.*, 2:07-cv-00507 (E.D. Tex. Aug. 3, 2009) (transfer denied); *Thermal Scalpel LLC v. Covidien Ltd.*, 2-08-cv-00312 (E.D. Tex. Aug. 3, 2009) (transfer denied); *LML Patent Corp. v. JP Morgan Chase & Co.*, 2:08-cv-00448 (E.D. Tex. Aug. 3, 2009) (transfer denied); *IP Co., LLC v. Oncor Elec. Delivery Co. LLC*, 2:09-cv-00037 (E.D. Tex. Aug. 3, 2009) (transfer denied); *Motorola Inc. v. Vtech Commc'ns, Inc.*, 5:07-cv-00171 (E.D. Tex. Aug. 3, 2009) (transfer denied).  The facts of this case easily meet the standard imposed by Judge Folsom.

reasons.

Although Apple's venue transfer motion comes two years after Harvey filed the original complaint, this case remains in a very early stage. As set forth in Apple's motion, the '671 patent, which Harvey asserts against Apple, has been—and continues to be—in reissue proceedings in the Patent Office, since as far back as June 21, 2006. Based on this fact, the parties, on January 5, 2009, jointly moved to stay this case until the Patent Office completes the reissue proceedings. (Mot. for Stay, Docket No. 24) The Court, on February 3, 2009, granted the parties' joint motion, and vacated various deadlines in the Docket Control Order. (Order, Docket No. 25.)

In light of the stay, the parties have not yet made Initial Disclosures, no meaningful discovery has occurred in the case, no claim construction activity has occurred, and the parties have yet to identify disputed claim terms. In fact, it is Harvey's assertion of claims from a patent that is tied up in reissue proceedings that has caused the delay in this case. In its infringement contentions, Harvey asserted twenty-nine claims, fourteen of which were pending and under review by the USPTO at the outset of this case. During the course of this litigation, several of these asserted reissue claims have been modified through amendments and eight of these claims have recently been cancelled by Harvey as a result of a PTO rejection. Because several asserted claims remain pending before the PTO, which will ultimately affect when the Court chooses to hold Markman proceedings in this case,[3] the Northern District of California could pick this case

---

[3] The Markman hearing is currently set for October 28, 2009. The Court, however, will need to continue the hearing if the case is not transferred because the reissue proceeding for the '671 patent remains pending and may continue for at least an additional several months. The Examiner just recently issued a rejection based upon a defective reissue oath under 35 U.S.C. § 251, is awaiting Harvey's response, and has yet to mail the Notice of Allowance ("NoA"). Even after the patent office mails a NoA, there is currently an average four to five month period until the patent office grants and records reissue patent claims. An appropriate motion will be filed after the parties meet and confer about this issue.

up in its current state, and carry forward its adjudication without any further delay.

Additionally, 28 U.S.C. § 1404(a) does not place any time limits on when a motion to transfer may be filed, and, therefore, it can be made at any time.[4] Apple's motion to transfer here was appropriately occasioned as a result of a recent Federal Circuit opinion—*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009)—that provided clarification of the law.  Apple respectfully moved to transfer this lawsuit based on the Federal Circuit's clarifications, which is entirely appropriate.

Furthermore, courts regularly transfer cases, despite the passage of time or litigation activity that takes place between a motion to transfer venue and the initial filing of the complaint. *See Two-Way Media v. AT & T Inc.*, Civil No. CC-8-116, --- F.Supp.2d ----, 2009 WL 1606972 (S.D. Tex. June 8, 2009) (transferring venue after the parties exchanged more than 1 million pages of documents in response to discovery requests, the parties submitted preliminary technology tutorials, and also submitted a joint claim construction and pre-hearing statement).[5] Accordingly, the timing of this transfer in no way prejudices Harvey, and Harvey has not demonstrated otherwise.

For the foregoing reasons and the reasons set forth in its opening brief, Apple respectfully requests that this case be transferred to the Northern District of California.

---

[4] *See, e.g., Thurmond v. Compaq Computer Corp.*, 1:99-CV-0711(TH), 2000 WL 33795090, *2 (E.D. Tex. Mar. 1, 2000) ("Section 1404(a) sets no limit on the time at which a motion to transfer may be made. . . .  In fact, a Section 1404(a) transfer motion can technically be made at any time.") (citations omitted); *American Standard v. Bendix Corp.*, 487 F. Supp. 254, 261 (W.D. Mo. 1980) ("[T]he passage of time alone or delay alone is not a sufficient reason to deny a transfer.") (citation omitted).

[5] *See also Simmons v. Ford Motor Co.*, C. A. No. 2:07-CV-098, 2009 WL 173850, *3 (E.D. Tex. Jan. 5, 2009) (transferring venue two months before trial based on the Fifth Circuit's clarification of the venue standard in *Volkswagen II*).

Respectfully submitted,

*[signature: Eric M. Albritton]*

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com)

Ruffin B. Cordell
TX Bar No. 04820550
cordell@fr.com
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Floor
Washington, DC  20005
(202) 783-5070 (telephone)
(202) 783-2331 (facsimile)

*Attorneys for Defendant and
Counter Claimant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).   Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 11th day of August, 2009.

*[signature: Eric M. Albritton]*

Eric M. Albritton

5